# **EXHIBIT 1**

Notice of Order of Suspension and Order of Suspension

**RANDAZZA LEGAL GROUP, PLLC**
Ronald D. Green, NV Bar No. 7360
Marc J. Randazza, NV Bar No. 12265
2764 Lake Sahara Drive, Suite 109
Las Vegas, Nevada 89117
Telephone: 702-420-2001
ecf@randazza.com

Attorney for Plaintiff
AMA Multimedia LLC

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| AMA MULTIMEDIA, LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>MACIEJ MADON, a foreign citizen; JOHN DOES 1-25; and ROE CORPORATIONS 26-50,<br><br>Defendants. | Case No. 2:17-cv-03037-GMN-EJY<br><br>**NOTICE OF ORDER OF SUSPENSION** |

Plaintiff AMA Multimedia, LLC ("AMA"), PLEASE TAKE NOTICE that on October 22, 2019, this Court entered an Order of Suspension in *In re: Marc J. Randazza*, No. 2:19-cv-01765, suspending attorney Marc J. Randazza from practice before this Court. Counsel for AMA received this Order on October 29, 2019. Pursuant to ethical obligations and this Court's local rules, counsel for AMA hereby provide notice to AMA of this Order of Suspension, attached as **Exhibit 1**.

Dated: November 4, 2019.   Respectfully submitted,

RANDAZZA LEGAL GROUP, PLLC

<u>/s/ Marc J. Randazza</u>
Ronald D. Green, NV Bar No. 7360
Marc J. Randazza, NV Bar No. 12265
2764 Lake Sahara Drive, Suite 109
Las Vegas, NV 89117

Attorney for Plaintiff
AMA Multimedia, LLC

# **EXHIBIT 1**

Order of Suspension

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

In re: Marc J. Randazza,
Attorney at Law, Bar No. 12265

Case No. 2:19-cv-01765-MMD

ORDER OF SUSPENSION

## I. SUMMARY

This is an attorney discipline matter. Before the Court is Marc J. Randazza's response to the Court's Order to Show Cause ("OSC") why he should not be suspended from practice before this Court following the Order Approving Conditional Guilty Plea Agreement filed by the Nevada Supreme Court ("NSC") on October 10, 2018. (ECF Nos. 1 (OSC), 3 (the "Response").) As further explained below, the Court will suspend Mr. Randazza from practice before this Court because this Court has neither the obligation, resources, nor inclination to monitor Mr. Randazza's compliance with the probationary conditions the NSC imposed on him. However, Mr. Randazza may file a petition for reinstatement once he has fully discharged those conditions and can produce a certificate of good standing from the NSC reflecting the same.

## II. BACKGROUND

Mr. Randazza was suspended by the NSC following his conditional guilty plea to a charge that he violated "RPC 1.8(a) (conflict of interest: current clients: specific rules) and RPC 5.6 (restrictions on right to practice)." (ECF No. 3 at 15.) While Mr. Randazza's suspension was stayed, he is currently subject to several probationary conditions imposed by the NSC. (*Id.* at 17.) Until at least April 10, 2020, Mr. Randazza must: (1) "stay out of trouble;" (2) successfully complete 20 hours of ethics CLE in addition to his normal CLE requirements; and (3) seek the advice of an independent and unaffiliated

ethics attorney in each relevant jurisdiction before obtaining any conflicts of interest waivers. (*Id.* at 3, 15, 17.)

This Court issued the OSC as to why Mr. Randazza should not be suspended from practice in this Court on September 6, 2019. (ECF No. 1.) Mr. Randazza timely filed his Response on October 3, 2019. (ECF No. 3.) In his Response, he argues that this Court should allow him to continue practicing before it because he is still allowed to practice law before the Nevada state courts, and he is currently complying with the probationary conditions the NSC imposed on him. (*Id.* at 3-5.) He also argues that his suspension from practice by this Court would either be gravely unjust, or his misconduct does not justify suspension by this Court. (*Id.* at 3.) He further notes that other federal court have continued to allow him to practice while he is subject to the NSC's probationary conditions. (*Id.* at 5-6.)

### III. DISCUSSION

This Court imposes reciprocal discipline on a member of its bar when that person is suspended or otherwise disciplined by a state court unless it determines that the state's disciplinary adjudication was improper. *See In re Kramer*, 282 F.3d 721, 724 (9th Cir. 2002). Specifically, the Court will only decline to impose reciprocal discipline if the attorney subject to discipline presents clear and convincing evidence that:

> (A) the procedure in the other jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; (B) there was such an infirmity of proof establishing the misconduct as to give rise to a clear conviction that the court should not accept as final the other jurisdiction's conclusion(s) on that subject; (C) imposition of like discipline would result in a grave injustice; or (D) other substantial reasons justify not accepting the other jurisdiction's conclusion(s).

LR IA 11-7(e)(3); *see also In re Kramer*, 282 F.3d at 724-25 (stating that the attorney bears the burden by clear and convincing evidence).

The Court will suspend Mr. Randazza from practice before this Court because the NSC's disciplinary adjudication regarding Mr. Randazza following his conditional guilty plea appears to have been proper, and he presents no clear and convincing evidence to the contrary. Procedurally, Mr. Randazza did not submit a certified copy of the entire

2

1  record from the NSC or present any argument as to why less than the entire record will
2  suffice. See LR IA 11-7(e)(3). Substantively, while Mr. Randazza does appear to be
3  allowed to practice in the Nevada state courts, he is also subject to probationary
4  conditions that this Court has neither the obligation, resources, nor inclination to monitor.
5  (ECF No. 3 at 17.) And the Court sees no substantial reasons not to suspend Mr.
6  Randazza based on its review of the record. See LR IA 11-7(e)(3). The Court will therefore
7  suspend Mr. Randazza.

8  That said, Mr. Randazza is free to petition the Court for reinstatement under LR IA
9  11-7(i) assuming he is able to successfully complete his term of probation with the NSC.
10 Any petition for reinstatement should not be filed until Mr. Randazza has successfully
11 discharged each and every probationary condition imposed on him by the NSC, and he
12 is able to present both a certificate of good standing from the NSC and evidence sufficient
13 to establish that his practice in the Nevada state courts is fully unencumbered by any
14 probationary or other conditions stemming from his conditional guilty plea or any other
15 discipline imposed on him by the NSC.

16 **IV.    CONCLUSION**

17 It is therefore ordered that Marc J. Randazza, Bar No. 12265, is hereby suspended
18 from practice in the United States District Court for the District of Nevada.

19 DATED THIS 22nd day of October 2019.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

3