**RANDAZZA LEGAL GROUP, PLLC**
Ronald D. Green, NV Bar No. 7360
2764 Lake Sahara Drive, Suite 109
Las Vegas, Nevada 89117
Telephone: 702-420-2001
ecf@randazza.com

Attorneys for Plaintiff
AMA Multimedia LLC

RANDAZZA | LEGAL GROUP

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| AMA MULTIMEDIA, LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>MACIEJ MADON, a foreign citizen; JOHN DOES 1-25; and ROE CORPORATIONS 26-50,<br><br>Defendants. | Case No. 2:17-cv-03037-GMN-EJY<br><br>**NOTICE REGARDING STATUS OF SERVICE OF PROCESS** |

Plaintiff AMA Multimedia, LLC ("AMA") files this notice with the Court regarding the status of service of process on Defendant Maciej Madon pursuant to The Hague Convention on Service Abroad.

On May 7, 2019, Plaintiff AMA filed its Amended Complaint, substituting Maciej Madon as Defendant. ECF No. 12. Because Defendant Madon is a citizen of Poland, a foreign country, AMA initiated the process of serving Mr. Madon under The Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents (the "Hague Convention") pursuant to Fed. R. Civ. P. 4(f)(1).

Pursuant to the requirements of the Hague Convention, counsel for AMA had the Complaint and Summons in this matter translated into Polish, and, on July 16, 2019, transmitted a Request for Service Abroad of Judicial or Extrajudicial Documents upon the Polish Central Authority. Until recently, AMA has had very little contact with the Polish central authority, despite AMA's counsel regularly reaching out for updates on the matter. Most recently, AMA reached out to the Polish Central Authority on November 4, 2019 and January 15, 2020.

Upon the latest inquiry to the Polish Central Authority as to the status of service of process upon Defendant Madon, a representative for the Polish Central Authority replied via email, stating that Defendant Madon had been served on October 30, 2019. *See* **Exhibit 1**, email from Marta Wójciuk-Osik dated January 20, 2020. Ms. Wójciuk-Osik indicated that she was informed by the local district court that a certificate of service had been mailed to AMA's counsel's office. *See id*. While the Central Authority apparently served Madon on October 30, 2019, AMA did not learn this until Ms. Wójciuk-Osik emailed AMA's counsel on January 20, 2020.

AMA's counsel has not received any mailing from the Polish district court to-date, and Defendant Madon has not yet made any appearance in this matter. AMA is endeavoring to make contact with the district court to obtain a copy of the certificate of service. However, as noted in AMA's Motion for Extension of Time to Serve, this Court is permitted to:

> give judgment even if no certificate of service or delivery has been received, if all the following conditions are fulfilled –
>
> a) the document was transmitted by one of the methods provided for in this Convention,
>
> b) a period of time of not less than six months, considered adequate by the judge in the particular case, has elapsed since the date of the transmission of the document,



RANDAZZA | LEGAL GROUP

c) no certificate of any kind has been received, even though every reasonable effort has been made to obtain it through the competent authorities of the State addressed.

The Hague Convention, at Art. 15. The United States has determined that default judgment can be entered against a defendant if those conditions are met. *See Marschhauser v. Travelers Indem. Co.*, 145 F.R.D. 605, 608 (S.D. Fla. 1992).

Here, AMA's counsel transmitted all papers to the Polish central authority, which satisfies the first requirement. *See id.*, at 608-09. Regarding the second requirement, a period of more than 6 months has passed since AMA transmitted service documents to the Polish Central Authority.

With regard to the final requirement, on January 20, 2020, the Polish Central Authority informed AMA that Madon had been served on October 30, 2019 and that the Polish district court had sent a certificate of service to AMA's lawyers. However, AMA's counsel never received the certificate. As noted, AMA is currently attempting to obtain the certificate of service from the Polish district court. To that end, AMA's counsel transmitted an email to the Oświęcim District Court requesting an emailed copy of the proof of service, or otherwise for another copy of the proof of service to be mailed to AMA's counsel. *See* **<u>Exhibit 2</u>**, Declaration of Trey A. Rothell.

At this point, AMA is willing to request that the Court issue default against Madon. After all, he was served three months ago and has not appeared in this case. Alternatively, it is also willing to work with the Polish district court to obtain a certificate of service if this Court does not feel that sufficient effort has been made to obtain one. AMA respectfully requests that the Court extend the deadline to obtain a certificate of service from February 3, 2020 to March 3, 2020. During that 30-days, AMA will attempt to obtain a certificate of service from the Polish court.



RANDAZZA | LEGAL GROUP

If it cannot obtain one, it will request that default be issued against Madon on March 3, 2020.

Dated: January 24, 2020.

Respectfully submitted,

RANDAZZA LEGAL GROUP, PLLC

/s/ Ronald D. Green

Ronald D. Green, NV Bar No. 7360
2764 Lake Sahara Drive, Suite 109
Las Vegas, NV 89117

Attorneys for Plaintiff
AMA Multimedia, LLC

RANDAZZA | LEGAL GROUP

Case No. 2:17-cv-03037-GMN-EJY

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 24, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I further certify that a true and correct copy of the foregoing document is being served via transmission of Notices of Electronic Filing generated by CM/ECF.

Respectfully submitted,

/s/ Trey A. Rothell
Employee,
Randazza Legal Group, PLLC

RANDAZZA | LEGAL GROUP